Daniel, J,
 

 When the Legislature (Rev. Stat. c. 17, s. 7) gave jurisdiction to a magistrate in cases of this description, it did not intend to alter the rules of the common law, in relation to such enquiries. Culpepper, (whose deposition is made a part of the case,) says, that the injury was purely an accident, and without any fault on the part of any of the agents of the company. And the facts and circumstances, deposed to by him, shew that it was purely an accident that the animal was killed, and without any blame on the part of the agents. The judge, however, was of opinion, that the plaintiff was entitled to recover, notwithstanding. We think differently. A merely accidental involuntary trespass may be justified.
 
 Beckwith
 
 v
 
 Shoredike,
 
 4 Burr. 2092. If, in the prosecution of a lawful act, an accident which is purely so, arises, no action can be supported for an injury arising therefrom.
 
 Davis
 
 v.
 
 Saunders,
 
 2 Chitty’s Rep. 639.
 
 Good
 
 
 *326
 

 man
 
 v Taylors, 5 Car. and P. 410. But it is otherwise, where any blame or carelessness is imputable, though a person be innocent of any intention to injure.
 
 Wakeman v Robertson,
 
 1 Bing. 213.
 
 Wooley
 
 v
 
 Scovill,
 
 3 Man. and Ryland, 105. We are of opinion that there must be a new trial.
 

 Per Curiam, New trial awarded.